UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRYANT L. GRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-04120-JRS-MJD |
| | ) | |
| HEALTHPLEX, | ) | |
| ADNON HYDER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

### Introduction

Plaintiff Bryant Graham, proceeding *pro se*, brings claims of employment discrimination against Defendants, Healthplex and Adnon Hyder. Specifically, Graham claims that, on account of his sex/gender, race, or color, Healthplex and Hyder subjected him to unequal terms and conditions of employment, retaliating against him or terminating his employment. (Compl. 5–6, ECF No. 1.)

On December 16, 2019, Defendants moved to dismiss Graham's following claims under Federal Rule of Civil Procedure 12(b)(6): (1) all claims against Hyder in an individual capacity; (2) any claims of retaliation; and (3) any claims of race or color discrimination. (Defs.' Mot. Dismiss, ECF No. 22.) Defendants' motion is **GRANTED**.

1

# I. Background

## A. Factual Allegations

Bryant Graham is a resident of Indianapolis, Indiana. (Compl. 3, ECF No. 1.) Graham used to work for Healthplex, an employer in Indianapolis, Indiana, (*id*. at 4), where his work was supervised by Adnon Hyder, (Pl.'s Resp. Opp'n to Defs.' Mot. Dismiss, ECF No. 29). On January 4, 2019, Healthplex terminated Graham's employment after he was accused of sexual harassment. (Compl. Ex. 2, 3, ECF No. 1-2.)

Believing himself to have been discriminated against on the basis of sex, Graham filed a Complaint of Discrimination with the Indiana Civil Rights Commission ("ICRC"), which dual filed the complaint with the Equal Employment Opportunity Commission ("EEOC") on February 13, 2019. (*Id*. at 1, 4.) Graham identified Healthplex as the sole respondent in that complaint. (*Id*. at 2.) Alleging that his employment had been terminated because of a false sexual harassment accusation, Graham identified a similarly situated employee, Vonda, whom he claimed had violated company policy but had nevertheless been retained by Healthplex. (*Id*. at 3.) Graham sought relief under both Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., and the Indiana Civil Rights Law, Ind. Code § 22-9 *et seq*. (*Id*.)

The ICRC charge (No. EMse19020059) was investigated, concluding on July 25, 2019, with a finding of "no probable cause to believe that an unlawful discriminatory practice" resulted in the termination of Graham's employment. (*Id*. at 6–7.) The

EEOC charge (No. 24F-2019-00922) adopted the ICRC's findings and was dismissed on September 11, 2019.  (Compl. Ex. 1, 1, ECF No. 1-1.)  With each dismissal, Graham was notified of his rights to sue or appeal the findings of each commission.

Graham filed his Complaint in the present action on October 4, 2019, pleading his employment discrimination claims against Healthplex and Hyder.  (Compl., ECF No. 1.)

### B. Plaintiff's Legal Claims

Graham has brought claims against Healthplex and Hyder under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, pleading that Defendants terminated his employment or retaliated against him on the basis of his sex, gender, race, or color.  (*Id.* at 5–6.)

## II. Legal Standard

Defendants moved to dismiss some of Graham's claims for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  (Defs.' Mot. Dismiss, ECF No. 22.)  Specifically, Defendants moved to dismiss all claims against Hyder in an individual capacity, as well as all claims alleging retaliation or discrimination on the basis of race or color.  (*Id.*)

While Rule 8 of the Federal Rules of Civil Procedure merely requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," that short and plain statement must also contain sufficient factual matter, accepted as true, to raise the plaintiff's entitlement to relief to a level above mere possibility or speculation.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  If the pleaded factual matter allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct, the claim is facially plausible and thus may survive a motion to dismiss.  *Iqbal*, 556 U.S. at 678.

Motions to dismiss under Rule 12(b)(6) are meant to test the complaint—and the complaint alone—for sufficiency without considering the potency of whatever defenses might be raised by the responding party.  *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012).  Testing the complaint against affirmative defenses is more typically appropriate for a Rule 12(c) motion for judgment on the pleadings.  *Id.* (citing *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)).  Plaintiffs are not expected to anticipate all affirmative defenses that might be raised against their complaints in order to survive a motion to dismiss.  *Lewis*, 411 F.3d at 842 (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).  However, dismissal may still be appropriate "when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense."  *NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 299–300 (7th Cir. 2018) (quoting *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012)).  In doing so, plaintiffs "may plead themselves out of court by alleging facts that establish defendants' entitlement to prevail."  *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998).

### III. Discussion

*A. Title VII Claims against Hyder*

Unlike his original EEOC charge, which named only Healthplex as a defendant, Graham singles out Hyder, as an additional defendant in this action. Defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) all Title VII claims that seek to hold Hyder individually liable for Graham's alleged injuries. (Defs.' Mot. Dismiss, ECF No. 22.)

Title VII prohibits any employer from engaging in a variety of discriminatory employment practices on the basis of "an individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). The statute defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). While that definition plainly includes "any agent" of an employer, the Seventh Circuit has held that "Congress intended only for employers to be liable for their agent's actions under the traditional *respondeat superior* doctrine, not for agents to be personally liable." *Gastineau v. Fleet Mortg. Corp.*, 137 F.3d 490, 494 (7th Cir. 1998) (citing *Williams v. Banning*, 72 F.3d 552, 554 (7th Cir. 1995)). In short, if a supervisor engaged in discriminatory employment practices in their *official* capacity as an agent of the employer, the supervisor's employer may be vicariously liable under Title VII. If the supervisor otherwise discriminated against or injured a subordinate while acting in his or her *individual* capacity—while the supervisor might be personally

liable under tort law—"Title VII authorizes suit only against an employer as an entity, not against individuals." *Robertson v. Dep't of Health Servs.*, 949 F.3d 371, 374 (7th Cir. 2020) (citing *Smith v. Bray*, 681 F.3d 888, 896 n.2 (7th Cir. 2012), *overruled on other grounds by Ortiz v. Werner Enters., Inc.*, 834 F.3d 760 (7th Cir. 2016)).

Looking solely at the content of Graham's Complaint, not much can be discerned about Hyder. The Complaint fails to divulge a single detail about Hyder aside from his contact information (which, tellingly, is identical to that of Healthplex), let alone his conduct. (Compl. 3–4, ECF No. 1.) A business card would have been more informative. Who is Hyder? The answer cannot be discerned without venturing outside the bounds of the Complaint. Were the Court permitted to consider his response to Defendants' motion, Graham's attempt to establish Hyder's Title VII liability would still be unavailing. Graham states that "[Hyder] was [his] direct supervisor in following the change [sic] of command in a [sic] organization," and that Hyder is "individually an employee of [their] employer under Title VII." (Pl.'s Resp. Opp'n to Defs.' Mot. Dismiss 1–2, ECF No. 29.) That is precisely the issue—as an employee of Healthplex, Hyder is not himself the employer.

The Complaint falls far short of pleading that Hyder was Graham's "employer" as contemplated by Title VII. Because Title VII cannot be wielded against a discrimination plaintiff's supervisor in an individual capacity, Graham "can state no set of facts which would enable [him] to recover under the statute." *Williams*, 72 F.3d at 555; *see also Passananti v. Cook Cty.*, 689 F.3d 655, 677 (7th Cir. 2012). For this

6

reason, and for the much simpler additional reason that "a party not named as the respondent in [the precedent EEOC] charge may not ordinarily be sued in a private civil action under Title VII," Defendants' motion to dismiss all Title VII claims against Hyder is **granted**. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008)). Graham is not given leave to amend this claim because any attempt to demonstrate Title VII liability against Hyder would be futile. *See Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008) (citing *Foman v. Dais*, 371 U.S. 178, 182 (1962)) ("[D]istrict courts have broad discretion to deny leave to amend . . . where the amendment would be futile.").

## B. Title VII Claims of Retaliation and Race or Color Discrimination

In his remaining Title VII claims, Graham alleges that Healthplex discriminated or retaliated against him on the basis of his sex, gender, race, or color. (Compl. 5–6, ECF No. 1.) Defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) the claims of retaliation and discrimination on the basis of race or color. (Defs.' Mot. Dismiss 2, ECF No. 22.) Specifically, Defendants argue that these claims should be subject to dismissal because they "are not reasonably related to the sex discrimination claim in the ICRC charge." (*Id.*)

Before an employee may bring a Title VII claim in federal court, there are administrative remedies that must first be exhausted. *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019) (citing *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992)). Exhaustion of administrative remedies is neither a jurisdictional prerequisite nor essential element of a Title VII claim, "but a condition

precedent to bringing a claim under the Act." *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). Failure to exhaust administrative remedies is "an affirmative defense, and the burden of proof . . . therefore rests on the defendant." *Laouini v. CLM Freight Lines, Inc.*, 586 F.3d 473, 475 (7th Cir. 2009). While subjecting a complaint to affirmative defenses is rarely appropriate when entertaining a Rule 12(b)(6) motion, dismissal may be appropriate "when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense." *NewSpin Sports*, 910 F.3d at 299–300 (quoting *Indep. Tr. Corp.*, 665 F.3d at 935). It appears that Graham might have so pleaded himself out of court.

Employees aggrieved of unlawful employment practices by their employers must file a charge of discrimination with the EEOC. 42 U.S.C. § 2000e-5. The EEOC, often in cooperation with State and local fair employment practice agencies, notifies the employer and investigates the charge. *Id.* §§ 2000e-5(b), 2000e-8. Should the investigation turn up no reasonable cause to believe that the charge is true, the EEOC dismisses the charge and notifies the aggrieved employee. *Id.* § 2000e-5(b). Only upon receiving such a notice has an aggrieved employee properly exhausted their administrative remedies as to the particular claims and respondents identified in the EEOC charge. Within the next ninety days, that employee may initiate a civil action in a United States district court in the State in which the alleged unlawful employment practice occurred. *Id.* § 2000e-5(f)(1), (3).

A Title VII plaintiff may bring "only those claims that were included in his EEOC charge or that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Swearnigen-El v. Cook Cty. Sheriff's Dep't*, 602 F.3d 852, 864 (7th Cir. 2010) (quoting *McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996)). "Claims are 'like or reasonably related' when (1) 'there is a reasonable relationship between the allegations in the charge and the claims in the complaint' and (2) 'the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge.'" *Chaidez*, 937 F.3d at 1004 (quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994)). "[T]he charges and complaint must, 'at minimum, describe the *same conduct* and implicate the *same individuals*.'" *Id.* (emphasis in original) (quoting *Cheek*, 31 F.3d at 501). Plaintiffs who bring Title VII claims before the courts that are not "like or reasonably related" to the allegations in their EEOC charges have not properly exhausted their administrative remedies as to those claims, which are thus premature. *Teal*, 559 F.3d at 691. The dual purposes of this requirement are (1) to give the EEOC and the employer an opportunity to resolve the issue out of court and (2) to "ensure that the employer has adequate notice of the conduct the employee is challenging." *Chaidez*, 937 F.3d at 1004 (citing *Teal*, 559 F.3d at 691). Because, as is the case in this action, EEOC charges are "often initiated by laypersons rather than lawyers," a court should generally liberally construe the charge's claims in favor of the plaintiff. *Id.* at 1005 n.3 (citing *Teal*, 559 F.3d at 691).

There is one exception to this "like or reasonably related" test for retaliation claims. Although a Title VII plaintiff cannot bring to court a claim of retaliation that could have—but was not—alleged in the original EEOC charge, "a plaintiff who alleges retaliation *for having filed a charge with the EEOC* need not file a second EEOC charge to sue for that retaliation." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1030 (7th Cir. 2013) (emphasis added) (citing *McKenzie*, 92 F.3d at 482–83). This is a practical exception that seeks to "avoid futile procedural technicalities and endless loops of charge/retaliation/charge/retaliation." *Id.*

In the instant case, Graham's Complaint seems to indicate grounds for his Title VII that go beyond the sex discrimination charge that was filed with the ICRC and EEOC. (Compl. Ex. 2, 3, ECF No. 1-2.) Graham's Complaint is composed on a form for *pro se* employment discrimination plaintiffs. Though Graham attached his ICRC/EEOC charge that provides some background on his sex discrimination claim, he also checked boxes that suggest Healthplex discriminated against him on the basis of race or color and retaliated against him—claims that were not included in the administrative charge. (Compl. 6–7, ECF No. 1.) Therefore, it must be determined whether Graham properly exhausted his administrative remedies as to these additional claims—a task made more difficult by Graham's failure to plead any factual matter beyond his original complaint to the ICRC.

Graham's additional claims are insufficiently like or reasonably related to his original sex discrimination charge as to be properly brought in this action. Neither Graham's administrative charge nor his Complaint identify or even suggest a

relationship between his original sex discrimination claim and his present claims of race or color discrimination or retaliation.  In his ICRC charge, Graham indicated twice (once by checkbox, and once in writing) that he had "been discriminated against on the basis of sex." (Compl. Ex. 2, 2–3, ECF No. 1-2.)  The checkboxes for race, color, and retaliation were left unmarked, and the Statement of Allegations made no mention of such discrimination.  (*Id.*)  Indeed, the charge does not mention the race or color of any individual, nor does it describe any retaliatory behavior.  (*Id.*)  Because Graham's Complaint does not include any additional information about the alleged misconduct, it is impossible to infer any sort of relationship between an earlier short story alleging sex discrimination and three later, wholly uncontextualized checkboxes alleging race or color discrimination and retaliation.

Even if the administrative charge and Complaint could reasonably support an inference that they described the same conduct by the same actors, that would not be sufficient to justify allowing those claims in this action.  To bring claims in a lawsuit that were not alleged in an administrative charge, the new claims must also "reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Chaidez*, 937 F.3d at 1004 (quoting *Cheek*, 31 F.3d at 501).  The ICRC investigated Graham's charge of sex discrimination against Healthplex, finding "<u>no probable cause</u> to believe that an unlawful discriminatory practice occurred as alleged." (Compl. Ex. 2, 7, ECF No. 1-2 (emphasis in original).)  As in Graham's charge, nowhere does the ICRC Notice of Finding even mention the race or color of any person, let alone suggest that Healthplex might have been engaging in race or

11

color discrimination. (*See id.* at 6–8.) Neither does the ICRC mention Graham engaging in any sort of protected activity under Title VII, let alone suggest that Healthplex retaliated against him for engaging in such activity. (*See id.*) The EEOC adopted the ICRC's findings. (Compl. Ex. 1, ECF No. 1-1.) Because the administrative investigation of Graham's charge did not produce any findings that could reasonably support claims of race or color discrimination or retaliation, those claims are insufficiently like or reasonably related to the claims in the administrative charge.

Lastly, Graham's retaliation claim cannot satisfy the exception for "a plaintiff who alleges retaliation for having filed a charge with the EEOC." *Luevano*, 722 F.3d at 1030 (citing *McKenzie*, 92 F.3d at 482–83). Healthplex had terminated Graham's employment before he ever filed his administrative charge—it could not terminate his employment *again* for him having done so. To the extent that the alleged retaliation took place prior to the filing of Graham's administrative charge, the claim is subject to the same administrative exhaustion requirements as any other.

Even if Graham may have any race or color discrimination or retaliation claims, the face of his Complaint demonstrates that he has failed to exhaust his administrative remedies as to those claims. Therefore, Defendants' motion to dismiss those claims is **granted**. However, Graham is granted leave to file, within thirty (30) days of this date, an amended complaint that pleads those claims with greater specificity and demonstrates that he has exhausted his administrative remedies as

to those claims, provided he can do so consistent with his obligations under Federal Rule of Civil Procedure 11(b).

## Conclusion

For the foregoing reasons, the Court finds that Graham has failed to sufficiently state any claims of race or color discrimination or retaliation and all claims against Hyder. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss. (Defs.' Mot. Dismiss, ECF No. 22). Graham's claims against Hyder are dismissed with prejudice. Graham's claims of race or color discrimination or retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, are dismissed, but he is granted leave to file, within thirty (30) days of this date, an amended complaint that pleads those claims with greater specificity and demonstrates that he has exhausted his administrative remedies as to those claims, provided he can do so consistent with his obligations under Federal Rule of Civil Procedure 11(b). Graham's claim of sex/gender discrimination against Healthplex, which Defendants did not challenge in their Motion to Dismiss, proceeds.

**SO ORDERED.**

Date:  6/29/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by U.S. mail to::

BRYANT L. GRAHAM
6657 Stanhope Drive
Indianapolis, IN 46254

Distribution by CM/ECF to all registered counsel of record